# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JEROME L. MALLORY,**

        **Plaintiff,**

v.                                         Case No:  6:17-cv-1524-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Jerome L. Mallory (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB). Doc. 1. Claimant argued, in part, that the Administrative Law Judge (the ALJ) erred by failing to apply the correct legal standards to the opinion of Sunita Patel, M.D. Doc. 20 at 21. For the reasons set forth below, the Commissioner's final decision is **REVERSED**.

## I.    THE ALJ'S DECISION

Claimant filed an application for DIB in 2011. Doc. 20 at 1. Claimant alleged a disability onset date of July 8, 2010. *Id*. Claimant's application was denied on September 12, 2014. *Id*. Claimant timely appealed to the U.S. District Court for the Middle District of Florida, which reversed the Commissioner's decision and remanded the claim for further proceedings. *Id*. at 1-2.

The ALJ issued her decision on May 17, 2017. R. 486-498. In the decision, the ALJ found that Claimant had the following severe impairments: degenerative disc disease, degenerative changes in the feet, obesity, cognitive disorder, and depressive disorder. R. 489. The ALJ found

that Claimant had a residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1]  R. 491.  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, or crawl. He must avoid concentrated exposure to pulmonary irritants and workplace hazards. He can perform simple, routine, repetitive tasks with minimal changes in a work setting and no production rate pace work. He can occasionally interact with supervisors, coworkers, and the general public.

*Id*.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 1229-31.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 496-98.  Therefore, the ALJ found that Claimant was not disabled.  *Id.*

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. At step four, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

At step five, once the claimant has proven that the claimant can no longer perform past relevant work, the burden shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228-30 (11th Cir. 1999) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ may rely on the testimony of a VE in determining whether the claimant can perform other jobs in the national economy. *Id*. at 1229. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony at step five but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[2]

On October 7, 2011, Dr. Patel, a State agency medical consultant, completed a physical residual functional capacity assessment of Claimant. R. 277-85. Therein, Dr. Patel opined, in part, that Claimant suffered from hearing limitations *and* that Claimant must avoid concentrated exposure to noise. R. 281. The ALJ considered Dr. Patel's opinions and found that they were entitled to great weight. R. 495. Specifically, the ALJ stated as follows:

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> Dr. Sunita Patel, MD, a State agency medical consultant, (Exhibit B6F) expressed her opinion, after reviewing the record, that the claimant could lift up to 20 pounds occasionally and up to 10 pounds frequently, as well as sit, stand or walk for 6 hours each in an 8 hour workday. He could frequently balance, kneel, and crawl, as well as climb, stoop, and crouch. He had no manipulative limitations. **He was to avoid concentrated exposure to noise**. The undersigned gives Dr. Patel's opinions **great weight** as they are consistent with the medical evidence contained in the file regarding the relevant period. However, the undersigned finds that the claimant has additional postural limitations based on the record and the claimant's testimony. The undersigned also does not find that the claimant has limitations resulting from hearing loss as the claimant did not appear to have hearing problems during testimony.

*Id*. (emphasis added). Despite finding that Dr. Patel's opinions were entitled to great weight, the ALJ failed to include in the RFC a limitation regarding Claimant's exposure to noise. R. 491. In addition, the ALJ failed to include a limitation regarding Claimant's exposure to noise in the hypothetical to the VE. R. 1229-31. The ALJ provided no explanation for her failure to include a limitation regarding Claimant's exposure to noise.[3] R. 486-98.

Claimant argues that the ALJ failed to apply the correct legal standards to Dr. Patel's opinion. Doc. 20 at 21. Specifically, Claimant argues, in part, that the ALJ erred by failing to account for Dr. Patel's opinion that Claimant must avoid concentrated exposure to noise. *Id*. The undersigned agrees. The ALJ assigned "great weight" to the opinions of Dr. Patel, and, in fact, specifically referred to Dr. Patel's opinion regarding Claimant's exposure to noise when doing so. R. 495. But the ALJ, without explanation, failed to include a limitation regarding Claimant's exposure to noise in the RFC or in the hypothetical to the VE. R. 491, 1229-31. Thus, the undersigned finds that the ALJ erred. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010)

---

[3] The Court recognizes that the ALJ gave an explanation for why she believes that Claimant does not have limitations resulting from hearing loss, but the ALJ did not explain how Claimant's alleged hearing loss is related to an opinion that Claimant must avoid concentrated exposure to noise. Further, although the Court is not reversing on this basis, the Court notes that it has concerns regarding the ALJ's explanation for why the ALJ did not credit Dr. Patel's opinion that Claimant suffered from hearing limitations.

("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *Shireman v. Colvin*, 2016 WL 2939157, at *8-11 (N.D. Fla. May 19, 2016) (finding that the ALJ erred by failing to explain why he did not account for the claimant's moderate limitation in the ability to respond appropriately to usual work situations where the ALJ had given significant weight to the relevant doctor's opinions); *Martin v. Comm'r of Soc. Sec.*, No. 3:12-cv-900-J-MCR, 2013 WL 3893260, at *5-7 (M.D. Fla. July 26, 2013) (finding that the ALJ erred by failing to account for the claimant's marked limitations in the claimant's ability to respond appropriately to usual work situations and to changes in a routine work setting where the ALJ gave considerable weight to the relevant doctor's opinions but failed to properly reject the specific opinions at issue).

The Commissioner's arguments to the contrary are unavailing. Doc. 20 at 22-26. Specifically, the Commissioner's argument that the ALJ properly considered Claimant's demeanor at the hearing when evaluating Claimant's alleged hearing impairment is inapplicable to Dr. Patel's opinion that Claimant must avoid concentrated exposure to noise. Doc. 20 at 25-26. It is not apparent – and the ALJ does not explain – how Claimant's alleged hearing loss, or lack thereof, would subsume Dr. Patel's opinion that Claimant must avoid concentrated exposure to noise. Whether Claimant suffers from a hearing limitation as a result of hearing loss is a separate issue from whether Claimant must avoid concentrated exposure to noise. Indeed, the form completed by Dr. Patel treats the limitations as separate issues, noting Claimant's hearing limitations in a section titled "Communicative Limitations" and noting Claimant's need to avoid concentrated exposures to noise in a separate section titled "Environmental Limitations." R. 281. And neither the ALJ nor the Commissioner explain how Claimant's alleged hearing loss is somehow related to Dr. Patel's opinion that Claimant must avoid concentrated exposure to noise. Thus, the Court finds

determinative the ALJ's failure to explain how the RFC accounts for Claimant's limitation or why Claimant's limitation was excluded from the RFC. *See Winshcel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'") (citation omitted); *Hanna*, 395 F. App'x at 636 ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted); *Shireman v. Colvin*, 2016 WL 2939157, at *8-11 (finding that the ALJ erred by failing to explain why he omitted claimant's moderate limitation in the ability to respond to usual work situations from the RFC).

Finally, the undersigned is unpersuaded by the Commissioner's apparent attempt to argue that the ALJ's error was harmless. Doc. 20 at 24. Once the claimant has proven that the claimant can no longer perform past relevant work, it is the Commissioner's burden "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."[4] *Jones*, 190 F.3d at 1228-30 (citation omitted). And the undersigned will not step into the shoes of the VE to determine whether a limitation regarding Claimant's exposure to noise would preclude Claimant from performing jobs in the national economy. *See Pendley*, 767 F.2d at 1562 (finding that the ALJ's decision was not supported by substantial evidence where the hypothetical to the VE did not include all of the claimant's functional limitations).

Given the foregoing, the Court accepts Claimant's assignment of error. Because this issue is dispositive, there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

---

[4] The ALJ found that Claimant had no past relevant work. R. 496.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED**; and

**2.** The Clerk is directed to enter judgment for Claimant and against the

Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kathleen H. Eiler
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801